IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

H. SCOTT AND AMY R. GURVEY, ESQ.,

                      **Petitioners,**        **CASE NO. 2:07 CV 1101**

v.

                                      **JUDGE GREGORY L. FROST**

                                      **MAGISTRATE JUDGE ABEL**

**U.S. BANKRUPTCY COURT,**
**S.D. OHIO, et al.,**

                      **Defendants.**

**OPINION AND ORDER**

      This matter is before the Court on the Petition for Writ of Mandamus and Expedited Interim Stay ("Petition") filed by H. Scott and Amy R. Gurvey ("Gurveys") against the United States Bankruptcy Court, Southern District of Ohio and United States Bankruptcy Judge Charles M. Caldwell. The Gurveys filed the Petition on October 23, 2007, praying for expedited relief. For the reasons that follow, Petitioners Motion is **DENIED**.

**I. BACKGROUND**

      This action involves *In re Fixzit National Install Servs., Inc.*, Case Number 02-59858, ("Bankruptcy Case") which is pending in the United States Bankruptcy Court for the Southern District of Ohio before the Honorable Charles M. Caldwell. The Gurveys allege that they retained Fixzit National Installation Services, Inc., ("Fixzit") "to design and install a complete two-zone air conditional and filtering system in their newly-bought NJ resident home." (Doc. # 1 at ¶ 1.) Further, they claim that Fixzit filed for Chapter 11 bankruptcy and that it purposely failed to list the Gurveys as a creditor in its disclosures to the bankruptcy court.

The Gurveys complain that Fixzit "initiated proceedings to reopen its 2002 voluntary Chapter 11 proceeding in July 2006 in a frivolous effort to block [the Gurvey's] civil lawsuit filed in April, 2006 in the United States District Court for the District of New Jersey . . . ." *Id.* The Gurveys allege that Fixzit has engaged in numerous discovery abuses in the Bankruptcy Case. *Id.* ¶¶ 2, 3, 6-9. Also, Fixzit's President, Steve Levi, has failed to participate in much of the proceedings because of his alleged medical problems. *Id.* The Gurveys assert that they were tolerant of Mr. Levi's medical problems and that Judge Caldwell was as well, granting Levi reasonable accommodations. *Id.* ¶ 10.

The Gurveys claim that Ms. Gurvey is permanently disabled with several medical conditions, including cancer, and that Judge Caldwell has refused to grant her reasonable accommodations. *Id.* ¶¶ 11-18. Further, they allege that Judge Caldwell has abused his discretion in the Bankruptcy Case by failing to rule on the Gurvey's motions, failing to grant the Gurveys certain rights to file documents, failing to compel discovery and by reopening Fixzit's Chapter 11 action. *Id.* ¶¶ 12-37. The Gurveys claim that the most egregious example of Judge Caldwell's abuse of discretion is his order requiring Ms. Gurvey to appear before him on October 30, 2007. *Id.* ¶ 15.

On October 23, 2007, the Gurveys filed their Petition requesting that this Court expeditiously issue:

1. a stay of the October 30, 2007 hearing that is scheduled in the Bankruptcy Case;

2. a Vacatur of Judge Caldwell's order requiring Ms. Gurvey to appear in his Court on October 30, 2007 and an order reversing the order denying telephonic hearings;

3. Either:

      a. an order to compel Judge Caldwell to rule on the Gurvey's pending motions prior to any evidentiary hearing on the July 2007 motions for summary judgment and a continuance of the October 30, 2007 hearing, or

      b. a determination that Judge Caldwell abused his discretion by reopening the Bankruptcy Case, by not affording the Gurveys an opportunity to file a non-dischargeability complaint at the time they filed for reconsideration in response to the motion to reopen, a determination that the Gurvey's claims are not dischargeable in Chapter 11 proceedings as a matter of law, and an order lifting the automatic stay allowing the Gurveys to proceed with their lawsuit filed in federal court in New Jersey, or

      c. an order disqualifying Judge Caldwell from presiding over the Bankruptcy Case and for that case to be transferred to another court or to the district court where the civil action filed by the Gurveys against Fixzit is pending;

4. a preclusion order against Fixzit and their attorneys so that they are prohibited from filing any motions or proceedings without the leave of this Court;

5. an order granting costs and attorneys fees attendant to the Petition;

6. an order imposing sanctions against Fixzit's attorneys for misconduct in violation of the Attorney Disciplinary Rules; and

7. An order issuing punitive damages in favor of the Gurveys.

*Id.* at 1-3.

## II. ANALYSIS

The All Writs Act provides for the use of extraordinary writs such as writs of mandamus. 28 U.S.C. § 1651(a). Specifically, the Act provides jurisdiction to federal courts for the purpose

of issuing "all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law." *Id.* With minimal exceptions, writs of mandamus afford relief only from final judgments. *Will v. United States*, 389 U.S. 90, 96 (1967). Further, a writ of mandamus is prohibited if the issue can wait until final judgment is entered or if another method of review, such as an interlocutory appeal, will suffice. Moore's Federal Practice 3d § 204.01[2][b]. Whatever can be done without the employment of an extraordinary writ may not be done with it. *Id.* (citing as an example *Helstoski v. Meanor*, 442 U.S. 500, 500 (1979)).

However, a writ of mandamus may issue in limited circumstances to review a non-final order or a non-appealable order if review is necessary or appropriate in aid of the jurisdiction of the court. *Turner Broadcasting Sys. v. FCC*, 507 U.S. 1301 (1993); *In re Sindram*, 498 U.S. 177, 179 (1991). To insure that a writ of mandamus is issued only in such extraordinary circumstances, the party seeking the writ must first satisfy two conditions. First, the party seeking the writ must "have no other adequate means to attain the relief he desires." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980) (citation omitted); *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943). Second, the petitioner must "satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable." *Id.* (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)) (internal quotations omitted). *See also In re Post-Newsweek Stations, Michigan Inc.*, 722 F.2d 325, 329 (6th Cir.1983). The Gurveys fail to meet either of these requirements.

That is, the Gurveys have not even attempted to convince this Court that they have no other adequate means to attain the relief they desire. Further, the Gurveys have utterly failed to show that their right to the issuance of a writ of mandamus is clear and indisputable. Indeed, the

case upon which they in large part rely. *Midland Mut. Life Ins. Co. v. Sellers*, 101 B.R. 921, 926-29 (S.D. Ohio), is inapposite because it examines a "petition for a writ of mandamus arising from bankruptcy proceeding without addressing [the] jurisdictional question," likely because the court declined to grant the requested writ. *In re Wilmington Trust Co.*, Case No. 4:05 CV 2600, 2005 U.S. Dist. LEXIS 27258, at *4 (N. D. Ohio November 10, 2005).

Moreover, contrary to the posture in which this case is presented, the Gurveys do not simply request that this Court take jurisdiction to review an order issued by Judge Caldwell. Rather, the Gurveys ask for a virtual panoply of relief including everything from ordering Judge Caldwell to rule in a particular fashion on particular motions to issuing punitive damages to them from, apparently Judge Caldwell and Fixzit. This Court is convinced that it lacks jurisdiction to accommodate any of the Gurvey's requests.

Accordingly, the Gurvey's Petition for Writ of Mandamus and Expedited Interim Stay (Doc. # 1) is **DENIED** and this action is **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED.**

>                **/s/ Gregory L. Frost**
>                **GREGORY L. FROST**
>                **UNITED STATES DISTRICT JUDGE**